**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

HENRI DUBOIS HATTEN                                                    PLAINTIFF
ADC #113248

V.                              NO: 4:15CV00459 BSM/PSH

RICHARD VINYARD *et al*                                              DEFENDANTS


## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Proposed Findings and Recommendation have been sent to Chief United

States District Judge Brian S. Miller.  You may file written objections to all or part of this

Recommendation.  If you do so, those objections must:  (1) specifically explain the factual and/or

legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14)

days of this Recommendation.  By not objecting, you may waive the right to appeal questions of

fact.


## DISPOSITION

Plaintiff Henri Dubois Hatten, an inmate at the Arkansas Department of Correction's East

Arkansas Regional Unit, filed a *pro se* complaint (docket entry 1) on July 24, 2014.  Plaintiff filed

an addendum on July 27, 2015 (docket entry 3).

## I.  Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review

the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or

1

malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1957), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

Plaintiff asserts in his complaint that defendants Richard Vinyard, Kay Howell, and Marvin Evans violated prison policy when they refused to accept him into the Benton work release center, even though he was eligible. Plaintiff seeks $20,800.00 in wages he claims he could have earned if he had been accepted for work release. Because plaintiff has failed to articulate an actionable claim, his complaint should be dismissed.

Even if defendants violated prison policy by not approving plaintiff for a work release program, such a violation is not actionable. *See Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy). Additionally, plaintiff has no right to a

vocational program, *Wishon v. Gammon*, 978 F.2d 446, 450 (8th Cir. 1992), or to any particular prison unit, *Goff v. Burton*, 7 F.3d 734, 737 (8th Cir. 1993).  Accordingly, Plaintiff's complaint should be dismissed.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted.

2.      This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 18th day of September, 2015.

_____
UNITED STATES MAGISTRATE JUDGE